UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Amy S. Radford,<br><br>    Plaintiff,<br><br>v.<br><br>Kanabec County of Minnesota et al,<br><br>    Defendants, | Civ. No. 12-1998 (SRN/LIB)<br><br>**REPORT AND RECOMMENDATION** |

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of 28 U.S.C. § 636(b)(1)(A), upon Plaintiff's motion for default judgment. For the reasons outlined below, the Court recommends that Plaintiff's motion be denied.

On August 14, 2012, Plaintiff filed this action against Defendants Kanabec County of Minnesota, Kroschel Township of Minnesota, Normal Loren, Terry F. Roemhildt, Rhys Roemhildt, and Airizes Millder. (See Compl. [Docket No. 1]). On September 19, 2012, Defendant Normal Loren answered the Complaint. (See Answer [Docket No. 7]). On September 25, 2012 and September 26, Defendant Kanabec County of Minnesota and Kroschel Township of Minnesota answered the Complaint. (See Answers [Docket Nos. 10 and 11]). Defendants Rhys Roemhildt and Terry F. Roemhildt answered on November 14, 2012. (See Answers [Docket Nos. 15 and 16).

On November 19, 2012, the Court issued an order advising Plaintiff that it appeared that 21 days had elapsed since Defendant Airizes Miller was served with the summons and complaint and that Defendant Miller had not responded to the Complaint or otherwise entered an

1

appearance in this action. (Order [Docket No. 17]). As such, the Court directed Plaintiff to notify Defendant Miller that he is required to file a responsive pleading or move for an extension of time to do so; file an application for entry of default unless the required pleading is filed within 10 days; or advise the Court in writing of any good cause to the contrary. (Id.)

In what appears to be an attempt to comply with the Court's Order dated November 19, 2012, on December 10, 2012, Plaintiff filed a motion for default judgment, pursuant to Federal Rule of Civil Procedure 55(b). (See Motion for Default Judgment [Docket No. 19]).

Before a plaintiff may file a motion for default judgment under Fed. R. Civ. P. 55(b), the plaintiff must first obtain a clerk's entry of default under Fed. R. Civ. P. 55(a). See Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, (8th Cir. 1998) ("When a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)"); Armstrong v. Astrue, 569 F. Supp.2d 888, 895 n.6 (D. Minn. 2008) ("Only after an application is made, and granted under Rule 55(a), can a plaintiff seek a Default Judgment."); United States v. Ludeman, No. 09-0880 (JRT/JJK), 2010 WL 1335460, at *15 (D. Minn. Jan. 28, 2010) ("A motion for default judgment is therefore procedurally improper where, as here, the movant has not yet accomplished the first step: entry of default by the clerk."); Dixon v. Deutsche Bank Nat'l Trust Co., No. 06-2858 (PJS/RLE), 2008 WL 4151835, at *14 n.15 (D. Minn. Sept. 3, 2008) ("Default Judgment . . . requires a Clerk's Entry of Default before the merits of such a Judgment can be considered by the Court.").

Quoting the Second Circuit, this Court has explained the process for seeking a motion for default judgment:

> The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request. Rule 55(a). Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the

2

default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk. Rule 55(b). Finally, Rule 55(c) authorizes a motion to set aside a default judgment pursuant to Rule 60(b).

Ludeman, 2010 WL 1335460, at *15 (quoting Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981)).

While the Court appreciates that Plaintiff appears to have been following the Court's directive to obtain an entry of default, Plaintiff is nevertheless not excused from complying with this Court's procedural rules, even as a pro se party. If Plaintiff has not already done so, the Court recommends that Plaintiff review the helpful materials posted on the Court's website regarding pro se parties: http://www.mnd.uscourts.gov/Pro-Se.shtml. One tool that may be particularly useful to Plaintiff is the Pro Se Civil Guidebook found here: http://www.mnd.uscourts.gov/Pro-Se/Pro-Se-Civil-Guidebook.pdf (which includes on page 42 the process for obtaining a default judgment).

Because it appears that in filing the motion the Plaintiff was attempting to Comply with this Court's Order, the Court recommends that, at this time, Plaintiff's motion be denied without prejudice, such that she could re-file the motion, should she so choose, after the necessary procedural steps have been effected.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1) Plaintiff's Motion for Default Judgment [Docket No. 19] be **DENIED** without prejudice.

Dated: January 11, 2013                                                          s/Leo I. Brisbois
                                                                                 LEO I. BRISBOIS
                                                                                 United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by January 25, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.