UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Amy S. Radford,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Kanabec County of Minnesota, Kroschel Township of Minnesota, Norman Loren, Terry F. Roemhildt, Rhys Roemhildt, and Airizes Miller,<br><br>　　　　　Defendants. | Case No. 12-cv-1998 (SRN/LIB)<br><br>**MEMORANDUM OPINION AND ORDER** |

Amy S. Radford, *Pro Se* Plaintiff.

Joseph J. Langel and Timothy A. Sullivan, Ratwik Roszak & Maloney, 730 2nd Avenue South, Suite 300, Minneapolis, Minnesota 55402, for Defendant Kanabec County of Minnesota.

Andrea B. Smith and Paul D. Reuvers, Iverson Reuvers Condon, 9321 Ensign Avenue South, Bloomington, Minnesota 55438, for Defendant Kroschel Township of Minnesota.

Bradley A. Kletscher and Tammy J. Schemmel, Barna Guzy & Steffen, Ltd., 200 Coon Rapids Boulevard, Suite 400, Minneapolis, Minnesota 55433; Norman Loren, Attorney at Law, 108 West Forest Avenue, Mora, Minnesota 55051, for Defendant Norman Loren.

Terry F. Roemhildt and Rhys Roemhildt, 1350 13th Street Circle, #104, Sauk Rapids, Minnesota 56379, *Pro Se* Defendants.

Airizes Miller, *Pro Se* Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter is before the Court for consideration of Plaintiff's Objections [Doc. No. 89] to United States Magistrate Judge Leo I. Brisbois's December 30, 2013, Report and Recommendation ("R&R") [Doc. No. 88].  The Magistrate Judge recommended that: (1) Defendant Kroschel Township of Minnesota's Motion for Summary Judgment [Doc. No. 37] be granted and that all of Plaintiff's claims against the Township be dismissed with prejudice; (2) Defendant Kanabec County of Minnesota's Motion for Summary Judgment [Doc. No. 45] be granted and that all of Plaintiff's claims against the County be dismissed with prejudice; (3) Defendant Norman Loren's Motion for Summary Judgment [Doc. No. 56] be granted and that all of Plaintiff's claims against Defendant Loren be dismissed with prejudice; (4) Plaintiff Amy S. Radford's Counter-Motion for Summary Judgment [Doc. No. 65] be denied; and (5) Plaintiff's remaining claims against Defendants Terry Roemhildt, Rhys Roemhildt, and Airizes Miller be dismissed without prejudice.  (Dec. 30, 2013, Report and Recommendation at 29 [Doc. No. 88].)  For the reasons that follow, the Court overrules Plaintiff's Objections and adopts the R&R in its entirety.

## II. BACKGROUND

The Magistrate Judge's R&R documents the factual and procedural background of this case, and the Court incorporates it by reference.  This case concerns real property in Kanabec County, Minnesota.  Defendant Airizes Miller held record title to this property.  Miller obtained this property by quitclaim deed from Visions Real Estate Holding Co. Inc., which is owned by Defendant Terry Roemhildt.  Radford v. Miller, No. A11-298, 2012 WL 1380262, at *1 (Minn. Ct. App. Apr. 23, 2012).  In 2005, Miller recorded the deed with the

Kanabec County Recorder's office. Id. In 2008, Miller transferred the land back to Roemhildt by quitclaim deed, but Roemhildt never recorded the deed. Id. In 2009, Miller sold the land to Plaintiff Amy Radford for $39,000, and Plaintiff recorded the deed with Kanabec County. Id.

After finalizing her agreement with Miller, Plaintiff and her family visited the property several times in preparation to build a permanent home. Id. During one of Plaintiff's visits, she found a note from Roemhildt stating that he owned the land. Id. Plaintiff and Roemhildt discussed the property, after which Roemhildt sent documents about his quitclaim deed to Plaintiff. Id. After conducting a title search and visiting the recorder's office, Plaintiff confirmed that the land was Miller's to sell. Id.

Subsequently, Miller tried to cancel his purchase agreement with Plaintiff. Nonetheless, he continued accepting monthly payments from Plaintiff, and Plaintiff continued developing the property. Id. At Miller's direction, Roemhildt placed "no trespassing" signs on the property and showed up at the property. Id. Consequently, Plaintiff filed suit against Miller, Terry Roemhildt, Michelle Roemhildt, and Visions Real Estate in state court, asserting that: (1) she was the rightful owner of the subject property; (2) the defendants conspired to commit fraud and deprive her of rights to the property; (3) she was entitled to damages based on punitive nuisance, trespass, and invasion of privacy; and (4) the damages owed by the defendants offset the $36,000 that she still owed on her contract for deed. Id. The jury found that Terry Roemhildt did not intentionally intrude on Plaintiff's seclusion but Miller did, and Plaintiff was awarded $20,000 in damages. Id. at *2. The state district court found that Miller had title to the disputed land, subject to the

3

purchase agreement with Plaintiff.  Id.  The Minnesota Court of Appeals affirmed.  Id. at *5.

During the state court action, Defendants Miller, Roemhildt, and their attorney, Norman Loren, recorded additional real estate documents with the County.  These documents included a mortgage issued to Roemhildt by Miller.  (Loren Aff. ¶ 7 [Doc. No. 61].)

Also during the state court action, Plaintiff applied for and was denied a building permit with Kroschel Township, due to the pending state court suit and the Township's inability to identify the property owner.  (Compl. at 8 [Doc. No. 1]; Dep. of Amy S. Radford at 82-86 [Doc. No. 50-1].)  After the state court suit concluded, Plaintiff applied again and received a building permit in August 2011.  (Radford Dep. at 90-91.)

Before the state court action and before Plaintiff obtained the purchase agreement from Miller, the subject property had tax issues.  In 2006, Miller stopped paying taxes on the property, and the property was placed on Kanabec County's delinquent tax list in early 2007.  (Aff. of Roberta Anderson ¶ 3 [Doc. No. 49].)  The County followed statutory procedures to initiate the tax forfeiture process.  (Id. ¶¶ 4-6.)

When Plaintiff signed the purchase agreement for the property, she knew that the property taxes on the subject property were in arrears.  (Radford Dep. at 25.)  Because the property taxes were delinquent, Plaintiff could not record the purchase agreement immediately to demonstrate her ownership rights.  In April 2012, Plaintiff contacted the County Auditor's Office, requesting information about the process for obtaining a payment plan.  (Anderson Aff. ¶ 6.)  Plaintiff was told that while she could pay the taxes entirely, she needed to be the owner-of-record in order to confess judgment and enter into a payment

4

plan. (Id.) That same year, the five-year redemption period under the tax forfeiture process expired, and the County Auditor's office proceeded with the tax forfeiture process. (Id. ¶ 7.)

In September 2012, the County Auditor entered a Certificate of Forfeiture, completing the forfeiture process. (Id. ¶ 11.) But after realizing that Plaintiff should have been allowed to confess judgment and enter into a payment plan, the County Auditor submitted an Application for Cancellation of Forfeiture, and the Minnesota Department of Revenue cancelled and reversed the forfeiture. (Id. ¶ 13.) As of June 21, 2013, Plaintiff had not returned a confession of judgment or made any payment of property taxes. (Id. ¶ 16.)

Plaintiff filed the present suit on August 14, 2012. She alleges a general claim under 42 U.S.C. § 1983 (Count 1); violation of the Fifth Amendment Due Process and Takings Clause against all Defendants (Count 2); intentional misrepresentation against Kanabec County and Kroschel Township (Count 3); slander of title against all Defendants (Count 4); and willful trespass against Terry Roemhildt and Rhys Roemhildt (Count 5). (Compl. at 2-3 [Doc. No. 1]; Pl.'s Mem. of Law in Supp. of Mot. for Summ. J. at 4-11 [Doc. No. 67].)

On December 30, 2013, the Magistrate Judge recommended that: (1) Defendant Kroschel Township of Minnesota's Motion for Summary Judgment [Doc. No. 37] be granted and that all of Plaintiff's claims against the Township be dismissed with prejudice; (2) Defendant Kanabec County of Minnesota's Motion for Summary Judgment [Doc. No. 45] be granted and that all of Plaintiff's claims against the County be dismissed with prejudice; (3) Defendant Norman Loren's Motion for Summary Judgment [Doc. No. 56] be granted and that all of Plaintiff's claims against Defendant Loren be dismissed with prejudice; (4) Plaintiff Amy S. Radford's Counter-Motion for Summary Judgment [Doc.

5

No. 65] be denied; and (5) Plaintiff's remaining claims against Defendants Terry Roemhildt, Rhys Roemhildt, and Airizes Miller be dismissed without prejudice on the grounds that the Court declined to exercise supplemental jurisdiction in the absence of a federal claim. (Dec. 30, 2013, Report and Recommendation at 29 [Doc. No. 88].)

On January 13, 2013, Plaintiff objected to the R&R "in its Entirety." (Pl.'s Resp. to the Judge's Report and Recommendation [Doc. No. 89].)  Plaintiff does not provide reasons for her objections. (Id.)

### III.  DISCUSSION

**A.  Standard of Review**

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." D.Minn. LR 72.2(b)(1).  The district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); D.Minn. LR 72.2(b)(3).  Ordinarily, the district judge relies on the record of proceedings before the magistrate judge.  D.Minn. LR 72.2(b)(3).

As to the underlying motions for summary judgment, summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Enter.

Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). A dispute over a fact is "material" only if its resolution might affect the outcome of the lawsuit under the substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute over a fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. All justifiable inferences are to be drawn in the non-movant's favor and the evidence of the non-movant is to be believed. Id. at 255.

"Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

### B. Defendant Kroschel Township's Motion for Summary Judgment

#### 1. 42 U.S.C. § 1983 and Fifth Amendment Claims

A municipality, such as Kroschel Township, is subject to liability under 42 U.S.C. § 1983 only when the alleged violation of the plaintiff's federally protected right can be attributed to the enforcement of a municipal custom or policy. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). To establish a Section 1983 claim against a governmental entity, Plaintiff must show: (1) the existence of a municipal custom or policy (2) that is the "moving force" behind a constitutional violation. Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999).

Plaintiff does not identify a municipal custom or policy that allegedly deprived her of rights under the Fifth Amendment. As the Magistrate Judge correctly observed, the "closest Plaintiff comes to alleging the existence of a municipal custom or policy is when she alleges that the 'action, re-actions, and non-actions' by the government Defendants implicates a

'custom' of 'ignoring the law.'" (Dec. 30, 2013, Report and Recommendation at 16 [Doc. No. 88].) Such an assertion, however, is a "vague legal conclusion"—one that is insufficient to create a genuine issue of fact concerning Counts 1 and 2 with respect to Kroschel Township. (Id.) Thus, the Court grants Defendant Kroschel Township's motion for summary judgment on Counts 1 and 2 of the Complaint.

### 2. Intentional Misrepresentation Claim

A claim of intentional misrepresentation requires Plaintiff to show that the Township:

> (1) made a representation (2) that was false (3) having to do with a past or present fact (4) that is material (5) and susceptible of knowledge (6) that the representor knows to be false or is asserted without knowing whether the fact is true or false (7) with the intent to induce the other person to act (8) and the person in fact is induced to act (9) in reliance on the representation [and] (10) that the plaintiff suffered damages (11) attributable to the misrepresentation.

Jane Doe 43C v. Diocese of New Ulm, 787 N.W.2d 680, 686 (Minn. Ct. App. 2010) (citation omitted).

Plaintiff alleges that the Township misrepresented its procedures for obtaining a building permit, and that individuals working for the Township misrepresented the proper means by which to obtain a building permit. But even construing Plaintiff's allegations liberally, Plaintiff does not provide any evidence that the Township made a representation that was false—the first two elements of an intentional misrepresentation claim. As such, the Court agrees with the Magistrate Judge's conclusion that there is no genuine issue of material fact concerning Count 3 with respect to Kroschel Township. Accordingly, Kroschel Township's summary judgment motion on Count 3 of the Complaint is granted.

### 3. Slander of Title Claim

A slander of title claim requires proof of four elements: (1) a false statement concerning the real property owned by the plaintiff; (2) publication of the false statement to others; (3) publication of the false statement with malice; and (4) publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages. Hayes-Broman v. J.P. Morgan Chase Bank, N.A., 724 F. Supp. 2d 1003, 1016 (D. Minn. 2010) (citation omitted).

Plaintiff "seeks damages for several documents recorded on her property title by the defendants," and she believes that "this was done maliciously and [sic] these false documents created confusion, delay, and damages pertaining to her property ownership." (Compl. at 3 [Doc. No. 1].)  Beyond these assertions, Plaintiff does not support her slander of title claim against Kroschel Township with any evidence.  The Court therefore grants the Township's motion for summary judgment on Count 4 of the Complaint.

In short, Defendant Kroschel Township's motion for summary judgment is granted in its entirety.

### C. Defendant Kanabec County of Minnesota's Motion for Summary Judgment

#### 1. 42 U.S.C. § 1983 and Fifth Amendment Claims

The same requisites for a Section 1983 claim against Kroschel Township for a violation under the Fifth Amendment, supra Part III(B)(1), apply to Kanabec County as well.  Plaintiff does not identify any official Kanabec County policy or pattern of misconduct that violated her constitutional rights.  For this reason alone, Plaintiff cannot satisfy the elements of a Section 1983 claim against a governmental entity, and Kanabec

County is entitled to summary judgment on Count 1 of the Complaint.

At most, Plaintiff alleges that Kanabec County's tax forfeiture actions violated her property rights. These allegations, however, are merely conclusory and fail to account for the County's reversal of the tax forfeiture proceedings when the County realized that the forfeiture should not have been commenced. Accordingly, the Court agrees with the Magistrate Judge and grants Kanabec County's summary judgment motion on Counts 1 and 2 of the Complaint.

### 2. Intentional Misrepresentation Claim

The elements of an intentional misrepresentation claim are set forth in Part III(B)(2). As with her claim against Kroschel Township, Plaintiff cannot sustain a claim of intentional misrepresentation against Kanabec County. There is no evidence that Kanabec County made an intentionally false representation of fact. Thus, the Court grants Kanabec County's summary judgment motion on Count 3 of the Complaint.

### 3. Slander of Title Claim

The elements for a slander of title claim are set forth in Part III(B)(3). Plaintiff does not provide evidence of special damages that she incurred in connection with her allegation that Kanabec County committed slander of title by recording the Miller and Roemhildt mortgage. The Court therefore grants Kanabec County's summary judgment motion on Count 4 of the Complaint.

In short, Kanabec County's motion for summary judgment is granted in its entirety.

**D. Defendant Norman Loren's Motion for Summary Judgment**

**1. 42 U.S.C. § 1983 and Fifth Amendment Claims**

As the Magistrate Judge correctly observed, "Plaintiff's factual allegations against Defendant Loren concern his role as a <u>private</u> attorney representing Defendant Roemhildt in the underlying state court quiet title action, and his role as a <u>private</u> attorney assisting in drafting a mortgage regarding the subject property between Defendant Miller and Defendant T. Roemhildt." (Dec. 30, 2013, Report and Recommendation at 25 [Doc. No. 88].) As such, Plaintiff cannot sustain a Section 1983 claim against Defendant Loren. <u>See</u> <u>Ams. United for Separation of Church & State v. Prison Fellowship Ministries, Inc.</u>, 509 F.3d 406, 421-22 (8th Cir. 2007) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"). The Court therefore adopts the Magistrate Judge's recommendation that Defendant Loren's motion for summary judgment on Counts 1 and 2 of the Complaint be granted.

**2. Intentional Misrepresentation Claim**

The elements for an intentional misrepresentation claim are set forth in Part III(B)(2). Plaintiff alleges that Defendant Loren helped draft a mortgage between Defendants Miller and Roemhildt, which falsely represented the subject property to be "free from any and all encumbrances." But more than a false representation is required for a claim of intentional misrepresentation; it must be made "with the intent to induce the other person to act," and "the person in fact is induced to act." <u>Jane Doe 43C</u>, 787 N.W.2d at 686. As the Magistrate Judge properly noted, Plaintiff does not identify any representations by Defendant Loren that were made with the intent to induce Plaintiff to act. (Dec. 30, 2013, Report and

11

Recommendation at 26-27 [Doc. No. 88].)  Nor does Plaintiff provide evidence that she in fact was induced to act on Defendant Loren's alleged representation.  (Id.)  Because Plaintiff has not shown all elements of an intentional misrepresentation claim, the Court grants Defendant Loren's summary judgment motion with respect to Count 3 of the Complaint.

### 3. Slander of Title Claim

The elements for a slander of title claim are set forth in Part III(B)(3).  As discussed earlier, Plaintiff is required to show that publication of the false statement concerning title to the property caused her pecuniary loss in the form of special damages.  The record does not show any special damages related to Defendant's Loren's involvement in drafting the mortgage between Defendants Miller and Roemhildt.  Because Plaintiff cannot satisfy this element of a claim for slander of title, Defendant Loren is entitled to summary judgment on Count 4 of the Complaint.

In short, the Court grants Defendant Loren's motion for summary judgment in its entirety.

### E. Plaintiff's Remaining Claims against Defendants Terry Roemhildt, Rhys Roemhildt, and Airizes Miller

Because the Court grants the summary judgment motions of Defendants Kroschel Township, Kanabec County, and Norman Loren in their entirety, only the claims against Defendants Terry Roemhildt, Rhys Roemhildt, and Airizes Miller remain in this case. These remaining claims are state law claims: slander of title and trespassing.  (Compl. at 3 [Doc. No. 1].)  No federal question exists for these claims; the remaining Defendants have

neither briefed nor argued their state law claims before this Court; and remedies are available to the Plaintiff in state court. Under these circumstances, the Court declines to exercise supplemental jurisdiction. See Farris v. Exotic Rubber and Plastics of Minnesota, Inc., 165 F. Supp. 2d 916 (D. Minn. 2001) (after dismissing the plaintiff's federal claims, the Court declined to exercise supplemental jurisdiction over the plaintiff's state law claims where resolution of the remaining state law claims were unrelated to the federal claims); 28 U.S.C. § 1367(c)(3) (the Court "may decline to exercise supplemental jurisdiction over a claim . . . if the [Court] has dismissed all claims over which it has original jurisdiction"). Plaintiff's remaining state law claims are thus dismissed without prejudice.

**IV.    ORDER**

The Court **OVERRULES** Plaintiff's Objections [Doc. No. 89] and **ADOPTS** the Magistrate Judge's December 30, 2013, Report and Recommendation [Doc. No. 88]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant Kroschel Township of Minnesota's Motion for Summary Judgment [Doc. No. 37] is **GRANTED**, and all of Plaintiff's claims against the Township are **DISMISSED WITH PREJUDICE**;

2. Defendant Kanabec County of Minnesota's Motion for Summary Judgment [Doc. No. 45] is **GRANTED**, and all of Plaintiff's claims against the County are **DISMISSED WITH PREJUDICE**;

3. Defendant Norman Loren's Motion for Summary Judgment [Doc. No. 56] is **GRANTED**, and all of Plaintiff's claims against Defendant Loren are **DISMISSED WITH PREJUDICE**;

4. Plaintiff Amy S. Radford's Counter-Motion for Summary Judgment [Doc. No. 65] is **DENIED**; and

5. Plaintiff's remaining claims against Defendants Terry Roemhildt, Rhys Roemhildt, and Airizes Miller are **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:      February 3, 2014                       s/ Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Court Judge